

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 23, 1974

The Honorable David R. White
County Attorney
120 East North Street
Uvalde, Texas 78801

Opinion No. H- 407

Re: Application of independent
candidate for place on general
election ballot.

Dear Mr. White:

You have requested our opinion concerning the requirements for an independent candidate's application for a position on the general election ballot. You specifically inquire about the oath required by Article 13. 51 Vernon's Texas Election Code, and about the validity of the signature of a voter who has voted in a primary election.

The requirements which must be satisfied by a nonpartisan or independent candidate seeking a position on the general election ballot are set out in Articles 13.12, 13. 47a, 13. 50 and 13. 51 of Vernon's Texas Election Code, and may be briefly summarized as follows. After having timely filed his affidavit of intent to run, an independent candidate must file, within thirty days after the second primary election day, a written petition signed by a specified number of qualified voters. The number of signatures required varies with the office sought, but in the case of an application for any district, county or precinct office it need not exceed five hundred. No person is permitted to sign the application of more than one candidate for the same office, nor may any person sign the application if he has previously voted at either the general or runoff primary election of any party at which a nomination was made for the same office as that sought by the applicant. In addition, each voter signing an independent candidate's application must subscribe to a certified oath affirming his nonparticipation in any political party's nominating process. The constitutionality of these requirements was recently affirmed

by the United States Supreme Court in American Party of Texas v. White, 94 S. Ct. 1296 (1974).

In 1967 the 60th Legislature amended Article 1.03 of the Texas Election Code by adding to it a Subdivision 1 as follows:

> The Secretary of State shall be the chief election officer of this state, and it shall be his responsibility to obtain and maintain uniformity in the application, operation and interpretation of the election laws. In carrying out this responsibility, he shall cause to be prepared and distributed to each county judge, county tax assessor-collector, and county clerk, and to each county chairman of a political party which is required to hold primary elections, detailed and comprehensive written directives and instructions relating to and based upon the election laws as they apply to elections, registration of electors and voting procedures which by law are under the direction and control of each such respective officer. Such directives and instructions shall include sample forms of ballots, papers, documents, records and other materials and supplies required by such election laws. He shall assist and advise all election officers of the state with regard to the application, operation and interpretation of the election laws. (Emphasis added)

Normally our opinion function does not extend to election officials. Article 4399, V. T. C. S. It does, of course, extend to advising the Secretary of State on matters having to do with elections and other areas of the law.

However, we feel that the question you have asked about the application of the law to a particular fact situation should fall within the authority of the Secretary of State.

We have set out the law in general terms. We would suggest that you take your questions to the Secretary of State for interpretation of the law in a uniform manner.

## S U M M A R Y

A person who has voted at the primary election of any party may not sign the application of an independent candidate running for an office for which a nomination was made at the primary. An independent candidate's application for a position on the general election ballot does not sufficiently demonstrate compliance with Article 13.51 unless it contains an officer's certificate that the persons signing it were administered the requisite oath.

More detailed interpretations are for the Secretary of State.   Article 1.03, Vernon's Texas Election Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee